### JOHN J. JONES v. ALVIN S. BRITTON.

Where there is a suggestion of the account and settlement of the administration, and discharge of the administrator, under the Act of 1855, page 78, the immediate dismissal of a suit against the administrator will not be authorized. According to that statute, the proper practice seems to be, that the cause be continued for the making of the heirs parties, if that be practicable.

APPEAL from the District Court of East Baton Rouge, *Avery*, J. *J. W. Burgess*, for plaintiff and appelllant. *A. M. Dunn*, for defendant.

BUCHANAN, J. Plaintiff and McWhorter were in partnership in a newspaper called the Baton Rouge Gazette. McWhorter sold out his interest in the establishment to plaintiff on the 29th April, 1856, for twenty-five hundred dollars, in the two notes of the purchaser to the order of the seller, for twelve hundred and fifty dollars each, payable respectively one and two years after date of sale. The seller and purchaser were to be jointly liable for the debts of the concern.

McWhorter died before either of the notes became due; and defendant, A. S. Britton, was appointed his administrator. On the 6th December, 1856, the administrator, "for the purpose of liquidating the partnership affairs of McWhorter & Jones in the Gazette office, which partnership was dissolved by the death of said McWhorter," purchased of Jones "all his right, title, interest and claim in and to the Gazette printing office," for the sum of $3,500, payable as follows: $2,500 in the surrender of Jones' two notes, favor McWhorter, "the balance to be paid at the time of the sale of the printing office." Moreover, the purchaser binds the estate administered by him, to pay the outstanding debts of the concern; and, in case the proceeds of sale and of collection shall exceed $7,000, purchaser binds the estate to pay the seller one-half of the excess.

Plaintiff brings this suit on the 19th February 1858, upon the last mentioned contract. He prays that defendant make an exhibit and render an account of his actings and doings, and pay to plaintiff such sum as shall be found due, under the contract.

Defendant filed for exception, that on the face of the papers, plaintiff had no right of action until a final settlement and full administration of McWhorter's estate, or of the Gazette concern.

Pending this exception, the defendant Britton died; and Buffington was appointed and qualified, as administrator of McWhorter's estate, in his stead. Buffington made himself a party to this suit, and renewed Britton's exception.

On the trial of the exception, defendant, Buffington, offered proof that the representative of Britton's estate had rendered an account of Britton's administration, which had been homologated; also that Buffington, administrator of the succession of McWhorter, had rendered a final account of his administration, which had been homologated by judgment of court, and the said administrator discharged from his trust, and his bond cancelled.

The plaintiff objected to this evidence, as inadmissible under the ex-

ception pleaded. But the objection was overruled, and the suit dismissed for the reason that there was no party defendant in court.

Plaintiff appeals.

The suggestion of the account and settlement of the administration, and discharge of the administrator, and proof to sustain such suggestion, were improperly received by the Court. After such rendition of account and discharge, the administrator was no longer competent to represent the estate; but the Act of 1855 page 78, section 1st, does not authorize the immediate dismissal of the suit, on account of discharge of the administrator. According to that statute, the proper practice seems to be, that the cause be continued for the making of the heirs parties, if that be practicable.

It is therefore adjudged and decreed, that the judgment appealed from be reversed; and that this cause be remanded, for the purpose of making the heirs of George C. McWhorter parties defendant, on the motion of any party interested, and for further proceedings according to law; and that appellee pay costs of this appeal.

LAND, J., absent, concurring.